**Sammy Lee CASEY–EL, Appellant,**

v.

**Michael B. HAZEL and David J. Ford, Appellees.**

No. 88–1883.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1988.

Decided Dec. 14, 1988.

Sammy Lee Casey–El, appellant pro se.

Michael B. Hazel and David J. Ford, appellees pro se.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Sammy Lee Casey–El appeals from the district court[1] order dismissing his civil rights complaint against the prosecuting attorneys involved in the state court trial that resulted in Casey–El's conviction of first-degree assault. Casey–El argues that the prosecutors were not entitled to absolute immunity from his claim for damages because they were not acting within the scope of their prosecutorial function when they allegedly withheld ballistics test results that would have established his innocence. We affirm.

Casey–El alleged that the state trial court ordered the prosecutors to have bullet fragments that were removed from the assault victim analyzed, and to make the results available to Casey–El. Because the test results were not produced in time for Casey–El's trial, he claims that he was prevented from proving that the victim was not shot by a weapon found in his possession or the gun described by a witness.[2]

As the district court noted, a prosecutor's immunity from liability for damages stemming from his or her role in "initiating a prosecution and in presenting the State's case," *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976), is not defeated by allegations that he or she withheld or suppressed exculpatory evidence. *See Myers v. Morris,* 810 F.2d 1437, 1446–47 (8th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987). Relying on *Barbera v. Smith,* 836 F.2d 96 (2d Cir.1987), *petition for cert. filed on other grounds,* 56 U.S.L.W. 3881 (U.S. June 13, 1988) (No. 87–2034), Casey–El contends that the prosecutors' failure to

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

2. At Casey–El's trial, which was heard by a judge, the state did not contend that the victim was shot by the gun found in Casey–El's possession at the time of his arrest. The court declined to grant a continuance to wait for the test results, but stated it would not consider the gun in weighing Casey–El's guilt or innocence. The conviction was affirmed by the Missouri Court of Appeals. *State v. Casey,* 683 S.W.2d 282 (Mo.Ct.App.1984).

acquire the court-ordered ballistics tests was an act within their investigative function. *Cf. id.* at 100 (prosecutor's supervision of and interaction with authorities in acquiring evidence prior to prosecution constitutes action of a police nature). The injury of which Casey–El complains, however, is not the result of any act of the prosecutors in acquiring the evidence; rather, the assertedly unfair trial stemmed from the failure of the prosecutors to make the ballistics test results available to the defense in time for the trial. As we explained in *Myers,* this claim is barred by absolute immunity.

Accordingly, the order of the district court is affirmed. *See* 8th Cir.R. 14.